UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOYCE WESTMORELAND

VERSUS

WRIGHT NATIONAL FLOOD
(FKA FIDELITY NATIONAL INDEMNITY
INSURANCE COMPANY) ET AL

CIVIL ACTION

13-564-JJB-RLB

### RULING ON DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on a Motion (doc. 11) to Dismiss brought by Defendant, Colonial Claims Corporation ("Colonial"). Plaintiff, Joyce Westmoreland ("Westmoreland"), has filed an opposition (doc. 21) to which Colonial has filed a reply (doc. 23). Oral argument is unnecessary. For the reasons stated herein, the Defendant's motion is **GRANTED**.

I.   Background

Westmoreland has filed suit against Wright National Flood Insurance Company f/k/a Fidelity National Insurance Company ("Wright"), her insurance carrier, and Colonial, an insurance adjusting company contracted by Wright to handle Westmoreland's insurance claim. Westmoreland's claims concern property damage to her home resulting from Hurricane Isaac. In her complaint, Westmoreland alleges that Wright and Colonial mishandled her insurance claim. As a result of their alleged mismanagement, Westmoreland has asserted a cause of action for breach of contract against Wright and one ringing in tort against both Wright and Colonial. As it pertains to Colonial, Westmoreland has asserted claims based upon an alleged breach of a duty of good faith and fair dealing and negligent misrepresentation.

In response to the claims asserted against it, Colonial has filed the motion to dismiss presently before the Court. In it, Colonial argues that Westmoreland has failed to assert a cognizable claim under applicable Louisiana law. Specifically, Colonial asserts that as an

1

insurance adjuster, it does not owe Westmoreland a legal duty under Louisiana law unless there are facts presented to allow the claims to fall within one of the limited exceptions. Colonial further asserts that even if the facts presented fell within one of the limited exceptions, namely the exception for misrepresentations, Westmoreland's amended complaint fails to adduce enough factual allegations to survive a motion to dismiss challenge. Notably, Colonial argues that Westmoreland's amended complaint is deficient because: (1) it fails to specify the specific misrepresentations; and (2) it fails to allege that the misrepresentations were the cause of Westmoreland's damages. Westmoreland counters in opposition that Colonial assumed the legal duty owed by Wright and therefore can be held liable on a negligence theory. Westmoreland further argues that her amended complaint meets the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, but in the event that the Court disagrees, she requests leave to amend.

## II. Discussion

### A. Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When reviewing the complaint, a court must accept all well-pleaded factual allegations as true. *C.C. Port. Ltd. v. Davis-Penn Mortg. Co*., 61 F.3d 288, 289 (5th Cir. 1995). In order to survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court need not determine at this preliminary stage whether the plaintiff's claims will ultimately succeed on the merits. *Id*. at 556. Instead, a court must identify the factual allegations entitled to the

presumption of truth and determine whether they state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### B. Claims

Westmoreland asserts claims against Colonial based upon a negligence theory and a negligent misrepresentation theory. Specifically, Westmoreland claims that Colonial was negligent by: (1) under-adjusting her claims; (2) breaching a duty of good faith and fair dealing; and (3) making negligent misrepresentations.

Louisiana courts and federal courts applying Louisiana state law have consistently held that an insurance adjuster does not owe a legal duty to an insured to properly investigate or handle claims, advise an insured on coverage issues or engage good faith dealing. *See St. Marie v. State Farm Fire & Cas. Co.*, Civil Action No. 06-8725, 2007 WL 1017588, *3 (E.D. La. Mar. 28, 2007) ("With regard to insurance adjusters, Louisiana courts have consistently held that, as a general rule, an insurance adjuster owes no duty to an insured to properly investigate or handle claims, or advise an insured on coverage issues."); *RDS, Inc. v. Gab Robins North America, Inc.*, No. 2:03 CV 1786, 2005 WL 2045956, *3 (W.D. La. Aug. 23, 2005) ("It is well settled in Louisiana law that a claims adjuster has no duty to an insured."); *Rich v. Bud's Boat Rentals, Inc.*, Nos. Civ.A. 96-3276, Civ.A. 97-2612, Civ.A. 97-2723, 1997 WL 785668, *3 ("This Court has found no case imposing a duty on an independent insurance adjuster to an insured to conduct a proper investigation…"); *Pacific Employers Ins. Co. v. United General Ins. Co.*, 664 F.Supp. 1022, 1024 (W.D. La. 1987) ("Louisiana courts have consistently held that an adjuster owes no implied duty of good faith to an insured when not a party to the contract of insurance.").

The general rule against imposing a legal duty upon an insurance adjuster is not fatal to Westmoreland's claims. Louisiana law carves out an exception to the general rule under limited

3

circumstances in which it could be said that the insurance adjuster has assumed a duty to the insured. *Pellerin v. Cashway Pharmacy of Franklin, Inc.*, 396 So.2d 371, 373 (La. App.1st Cir. 1981). "Examples may include the relative education of the parties, the diligence of the claimant in seeking the facts, the actual or apparent authority of the adjuster, the content of his promises to the claimants, misrepresentation or fraud." *Id.*; *see also Alarcon v. Aetna Cas. And Sur. Co.*, 538 So.2d 696, 699 (La. App. 5th Cir. 1989). To successfully plead a negligent misrepresentation claim, the plaintiff must allege in addition to a legal duty assumed by the adjuster that (1) there was a breach of that duty; and (2) the breach caused the plaintiff's harm. *Alcaron*, 538 So.2d at 699; *see also Barrie v. V.P. Exterminators, Inc.*, 625 So.2d 1007, 1015 (La. 1993).

Colonial argues that Westmoreland's amended complaint is deficient in several ways. Concerning the claims that Colonial under-adjusted Westmoreland's claims and breach its duty of good faith and fair dealing, Colonial argues that Westmoreland's claim fails as a matter of law because insurance adjusters do not, as a general rule, owe a duty to insureds. Moreover, Westmoreland has failed to make any specific allegations as to how Colonial was negligent in adjusting her claims. As it pertains to her negligent misrepresentation claim, Colonial argues that assuming *arguendo* that it did owe Westmoreland a legal duty under an exception to the general rule, Westmoreland has failed to state a cause of action because any breach of that duty could not have caused Westmoreland's damage. Furthermore, Westmoreland has failed to identify any specific misrepresentations made by Colonial, instead choosing to rely upon conclusory allegations.

Westmoreland responds by arguing that there are circumstances under which an insurance adjuster can be said to owe an insured a duty and that she has pled sufficient factual matter to withstand a Rule 12(b)(6) challenge. The Court disagrees. While Westmoreland is

correct in her assertion that there are circumstances under which an insurance adjuster owes an insured a duty, Westmoreland's amended complaint is devoid of any factual allegations to support her contention that Colonial has assumed a duty which it breached.  Instead, Westmoreland relies upon conclusory allegations asserting that Colonial assumed a duty and made misrepresentations.  There is no factual support tending to show that (1) there was a disparity between her and Colonial's education; (2) Westmoreland was diligent in seeking the facts; (3) Colonial had actual or apparent authority; (4) or fraud.  Moreover, while the Court reading the amended complaint liberally could construe the content of the promises that Colonial made to be "that it would supplement and increase the amounts due under the Proofs of Loss it prepared," Doc. 2, at ¶ 28, it remains unclear how such a promise is tantamount to "negligently misrepresent[ing] the coverages provided by the Policy..." Doc. 2, at ¶ 29.  Therefore, since Louisiana law does not generally impose a duty to insureds upon insurance adjusters and Westmoreland has failed to assert factual allegations demonstrating that Colonial has assumed such a duty pursuant to the limited exceptions, her claims against Colonial fail as a matter of law. *See Menendez v. State Farm Fire Cas. Co.*, No. Civ.A.06 7681, Civ.A.06 7800, Civ.A.06 7803, 2007 WL 519875 (E.D. La. Feb. 14, 2007) (holding that the plaintiff failed to state a claim against an insurance adjuster when the plaintiff failed to allege facts implicating one of the exceptions to the general rule).  Accordingly, Westmoreland's claims against Colonial are dismissed.

Westmoreland has requested leave to amend her complaint.  The decision to grant or deny such a request is committed to the sound discretion of the district court. *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994).  A court may deny a request to amend to avoid "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Pension Fund v. Integrated Electrical Services, Inc.,* 497 F.3d 546, 556 (5th Cir. 2007) (citations omitted).  Two of the stated justifications for denying a request for leave to amend are applicable here.  First, Westmoreland has failed to proffer any factual allegations in her request for leave that will cure her complaint's deficiencies.  Instead, she relies upon case law that the Court finds unavailing.[1]  For these reasons, the Court finds that any amendment to the complaint would be futile.  Second, by filing an amended complaint, Westmoreland has taken leave to amend her complaint as a matter of right and still failed to cure her complaint's deficiencies.  Allowing her to amend again would be a third bite at the proverbial apple.  Given that the complaint "could have been drafted to withstand dismissal had there been underlying facts to support the claim," *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 329 (5th Cir. 2002), and Westmoreland had a second chance to do so when she filed her amended complaint, the Court finds that a third attempt is unwarranted and unnecessary.  Accordingly, Westmoreland's request for leave to amend her complaint is denied.

### III.     Conclusion

For the reasons stated herein, the Defendant's Motion (doc. 11) to Dismiss is **GRANTED**.

Signed in Baton Rouge, Louisiana, on April 3, 2014.

---

[1] In opposition, Westmoreland relies heavily upon *Loehn v. Hardin*, No. Civ. A. 02-257, 2002 WL 922380 (May 6, 2002) and *Dillon v. Lincoln General Ins. Co.*, Civil Action No. 06-7354, 2006 WL 3469554 (Nov. 30, 2006).  In *Loehn*, the court concluded, without providing any case law, that the insurer had delegated its duty to the insurance adjuster.  For this reason, the insured could assert a tort claim against the insurance adjuster.  The Court is unable to find any case law that supports this conclusion and therefore will follow other courts' guidance and respectfully disagree with the decision in *Loehn*.  *See e.g. Motin v. Travelers Ins. Co.*, No. Civ. A. 03-2487, 2003 WL 22533673, *4 (E.D. La. Nov. 4, 2003) (disagreeing with the *Loehn* court's holding).  In *Dillion*, the court ruled that the insurance adjuster could have breached a duty owed to the insured based upon alleged self-dealing.  The facts of that case are easily distinguishable from those presently before the Court.

_____

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**